IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JUSTIN ALAN LUCERO                                                                                          PLAINTIFF

v.                                          Civil No. 1:21-cv-1001

CHERLYN BROWN, Ouachita County Detention
Center ("OCDC"); COLTON WILSON, Shift Supervisor,
OCDC; CAMERON OWENS, Jail Administrator, OCDC;
NURSE ADAMS, OCDC; AMANDA JONES, Shift
Supervisor, OCDC; TIFFANY KINLEY, Shift
Supervisor, OCDC; and JOHN DOE, ADC                                                    DEFENDANTS

## **ORDER**

Justin Alan Lucero filed this 42 U.S.C. § 1983 action *pro se* on January 8, 2021. (ECF No. 1). That same day, the Court entered an order granting Plaintiff's *in forma pauperis* application. (ECF No. 3). Before the Court is Defendants' Motion to Dismiss (ECF No. 11) based on Plaintiff's failure to keep the Court informed of his address.

On March 10, 2021, Defendants filed a Motion to Dismiss stating that they attempted to serve Plaintiff with discovery requests at his address of record, and the requests were returned as undeliverable. (ECF No. 11). That same day, the Court entered an order directing Plaintiff to file a response to the motion by March 31, 2021. (ECF No. 13). Plaintiff did not respond, and on April 5, 2021, the Court entered an order directing Plaintiff to show cause by April 16, 2021, as to why he failed to file a response. (ECF No. 14). On April 6, 2021, the order directing Plaintiff to file a response was returned as undeliverable, indicating "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." (ECF No. 15).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 10th day of May, 2021.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge